**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE**

**CIVIL ACTION NO. 06-131-DLB**

**DENICE PORTER**                                                                  **PLAINTIFF**

**vs.**                 **MEMORANDUM OPINION & ORDER**

**MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION**                             **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Denice A. Porter filed applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI) payments on October 2, 2003. (Tr. 53-54, 62-67). Plaintiff alleges she became unable to work on May 30, 2003, after being involved in an automobile accident. She alleges disability due to impairments of obesity, shortness of breath, low back/hip pain, knee pain, headaches, near-sightedness, mitral valve prolapse, and a history of Hepatitis C. (Tr. 62-67, 79-81). Her applications were denied initially and on reconsideration. (Tr. 31-34, 37-39). At Plaintiff's request, an administrative hearing was conducted on July 8, 2005, by Administrative Law Judge (ALJ) James S. Quinlivan. (Tr. 276-97). On July 28, 2005, the ALJ ruled that Plaintiff was not disabled and therefore not

entitled to DIB or SSI payments. (Tr. 14–22).  This decision became the final decision of the Commissioner when the Appeals Council denied review on May 5, 2006. (Tr. 5-7).

On June 26, 2006, Plaintiff filed the instant action.  The matter has culminated in cross motions for summary judgment, which are now ripe for adjudication.

## II.  DISCUSSION

### A.    Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d

469, 474 (6th Cir. 2003); *Preslar v. Secretary of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability. (Tr. 15, 20).  At Step 2, the ALJ found Plaintiff's obesity with shortness of breath, low back/hip pain, knee pain, headaches, and near-sightedness to be severe within the meaning of the regulations. (Tr. 16, 20).  At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 16, 20).

At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to:

> lift/carry 20 pounds occasionally (1/3 of an eight-hour workday) and 10 pounds frequently (2/3 of an eight-hour workday); stand/be on feet at least four hours total, one hour at a time; sit at least four to six hours total, two hours at a time; occasional pushing/pulling with the lower extremities; no sustained/frequent overhead work due to neck/low back pains; no climbing hills/slopes or work on uneven terrain; no climbing high ladders or work at unprotected heights due to "dizziness" and safety; only occasionally climb stairs/steps/ramps, bend/stoop, crouch, or kneel because of obesity, and back/hip pains; no prolonged squatting or crawling; no work in the vicinity of heavy moving machinery or otherwise exposure to excessive floor vibrations; no operation of mobile equipment or otherwise exposed to jarring, jostling or jolting; no commercial driving (no driver's license); never operate foot (pedal) controlled equipment secondary toknee pain; no exposure to excessive air pollutants, pulmonary irritants or allergens due to shortness of breath (smoker); no exposure to cold temperature extremes; and no work in damp/humid conditions. [Plaintiff] should be permitted to wear corrective eyeglasses as desired, and wear ear protective devices or hearing aids as appropriate.  Secondary to the claimant's headaches she is moderately impaired (fair ability) in the ability to maintain attention/concentration for extended periods.

(Tr. 18, 21). Based upon this RFC, the ALJ concluded at Step 4 that Plaintiff was unable to perform any of her past relevant work as a packer at a bakery, a cashier, and a short order clerk. (Tr. 19, 21).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that there were a significant number of jobs available to Plaintiff in the national and regional economies, despite her limitations. (Tr. 20). This conclusion resulted from testimony by a vocational expert (VE), in response to a hypothetical question assuming an individual of Plaintiff's age (48 years of age at the time of decision and so a "younger" individual), education (limited), past relevant work experience (no transferable skills from any past relevant work), and RFC. (Tr. 290-97). The VE testified that Plaintiff could work at the light exertional level as a night guard, hand packer, or product inspector; and at the sedentary exertional level as a surveillance monitor, product assembler, or product inspector. (Tr. 293). Since these were positions of significant number in both the regional and national economies, the ALJ concluded Plaintiff was not disabled under the Social Security Act. (Tr. 21).

**C.  Analysis**

Plaintiff raises one challenge in her appeal. Her sole contention of error is that the ALJ should have recontacted her treating physician, Dr. William Fannin, to determine whether additional information was readily available, pursuant to 20 C.F.R. §§ 404.1512(e)(1) and 416.912(e)(1). Specifically, Dr. Fannin opined that "[d]ue to the nature of [Plaintiff's] pain she is unable to engage in anything more than light activities. It is my medical opinion that she currently is totally impaired from all forms of gainful employment

due to the combination of her injuries and pre-existing degenerative changes now in arousal." (Tr. 222)

The Social Security regulations place the responsibility of determining a plaintiff's RFC with the ALJ. *See* 20 C.F.R. §§ 404.1545, 404.1546, 416.945, 416.946. Because the ultimate determination of whether an applicant is disabled is reserved to the Commissioner and not an applicant's treating physician, *see Warner v. Comm'r of Social Security,* 375 F.3d 387, 391 (6th Cir. 2004), "statement[s] by a medical source that you are 'disabled' or 'unable to work' do[ ] not mean that we will determine that you are disabled." 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). Rather, such are considered "opinions" on issues reserved to the Commissioner.

The ALJ's decision in this case reflects his consideration of the opinion offered by Dr. Fannin.

> I am not unmindful of the claimant's treating family practitioner, Dr. Fannin's opinion of total disability (Exhibits 8F and 17F). The undersigned rejects this opinion as the conclusion of total disability is a conclusion that is left to the Commissioner and is inappropriate for others to reach. Also, Dr. Fannin is not a specialist and the claimant is only mild clinically. In addition, he noted that she was totally impaired from all forms of gainful employment right after he stated that she could engage in light activities (Exhibit 8F).

(Tr. 18). In responding to Plaintiff's arguments on appeal, the Commissioner points out that the ALJ properly rejected Dr. Fannin's opinion, as it was conclusory as well as totally inconsistent with Plaintiff's mild clinical signs and modest objective test findings. The Court agrees.

The Court notes that the record before the ALJ contained twenty-five pages of treatment-related documents from Dr. Fannin. The ALJ rejected Dr. Fannin's opinion that Plaintiff is totally disabled from gainful employment because this conclusion is internally

inconsistent with the doctor's treatment notes and with the record as a whole. Progress notes from Dr. Fannin's periodic checks of Plaintiff's status reflect mild clinical findings. And as noted by the ALJ (tr. 18), Dr. Fannin remarks that Plaintiff's MRI results do not indicate the need for surgery and Plaintiff stated she preferred a course of medical treatment only (tr. 233). The majority of Dr. Fannin's treatment notes are for periodic medication refills (tr. 221-46) in which the doctor notes that she is doing reasonably well on medication (tr. 221, 223-31, 236). This is also consistent with Plaintiff's own testimony that the medications help with her pain without imposing side effects. (Tr. 288). Indeed, not only is Dr. Fannin's statement in his July, 2004 letter report that Plaintiff is "totally impaired from all forms of gainful employment" inconsistent with his statement in that same letter that she can engage in "light activities" (tr. 222), but is also inconsistent with his statement in a later June, 2005 letter report that he told Plaintiff "that any manual labor sorts of tasks or prolonged sitting and posturing would be really difficult for her" (tr. 255).

Thus, the ALJ did not give weight to Dr. Fannin's opinions because they were not supported by the doctor's treatment as documented and the record as a whole. Plaintiff's contention that if Dr. Fannin's medical opinions conflicted with the objective findings in the record, recontacting Dr. Fannin to obtain additional information and clarification was required is without merit. The regulations provide that clarification can be sought in various ways, including "... requesting copies of your medical source's records[.]" 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1). But Dr. Fannin's office records had already been provided and were reviewed by the ALJ. And Dr. Fannin's "opinion" letter reports do not in and of themselves contain a conflict or ambiguity – they are simply inconsistent with the doctor's own treatment notes and findings and the other record evidence.

An ALJ may resolve a conflict between a physician's treatment notes and medical report when the report is not based upon objective medical evidence by discounting the report and relying on the physician's actual treatment notes. *Littlepage v. Chater*, 134 F.3d 371, 1998 WL 24999, *3 (6th Cir.)(unpublished table decision). Moreover, and as argued by the Commissioner, while an ALJ must recontact the appropriate medical source to resolve a conflict, the ALJ must do so only when the record is insufficient to allow the ALJ to make a determination regarding the claimant's disability. *See* C.F.R. §§ 404.1512(e), 416.912(e). If an ALJ can resolve the conflict by relying on information within the record, the ALJ need not recontact the treating physician. *Id.*

In other words, it is not the ALJ's rejection of a treating physician's opinions that triggers the Commissioner's duty to recontact the physician.[1] *White v. Barnhart,* 287 F.3d 903, 908 (10th Cir. 2001). Instead, the duty is triggered only upon a finding that the information provided by the physician is inadequate. *Id.*

The *White* case cited by Plaintiff is revealing. There, the ALJ discounted the treating physician's assessment because it was inconsistent with the doctor's own objective findings and the findings of consulting physicians. In addition, the treating physician did not resolve the differences between two inconsistent assessments. The court there found that the Commissioner is not required to recontact a physician whenever an opinion is rejected. Instead, the duty to recontact the doctor is triggered when the ALJ receives inadequate evidence from the physician to make a disability determination. *Id.* at 908. The court

---

[1]Plaintiff is correct that it is not her burden to recontact the doctor to bring forth additional evidence when the record is inadequate. However, the regulations impose a duty on the Commissioner only where the information the physician provides is inadequate to determine whether the claimant is disabled. *White v. Barnhart,* 287 F.3d 903, 908 (10th Cir. 2001).

concluded that because the ALJ believed the information he received from the treating physician was adequate for consideration, he was not obligated by the regulation to recontact the physician.

Similarly, the ALJ in the instant matter believed the information he received from Dr. Fannin was adequate for consideration. The ALJ therefore was not required to recontact Dr. Fannin. The record in this case was sufficiently developed to allow the ALJ to reach a determination that Plaintiff can perform a range of light and sedentary work. The record contains information and opinions from treating physicians, consultative examiners, and diagnostic test results, as well as from state agency physician evaluators. In his decision, the ALJ thoroughly discussed the medical and other evidence of record and simply discounted Dr. Fannin's opinions as not being supported by his own treatment records and objective findings, nor the record as a whole. No obligation was triggered requiring the ALJ to recontact Dr. Fannin because the ALJ was presented with insufficient evidence to render a determination as to Plaintiff's disability. The ALJ was carrying out his proper role of weighing what he found to be adequate evidence of record and resolving conflicts therein so as to carry out the duties with which he is charged. *Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994); *Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir. 1988).

Under these circumstances, the Court concludes that the ALJ was not obligated to recontact Dr. Fannin. In short, the record was more than adequate for the ALJ to make a reasoned decision. Moreover, much like in *Littlepage*, the ALJ looked behind Dr. Fannin's assessment to his treatment notes, and resolved any inconsistency accordingly. This is precisely what he was required to do. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).

## III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #10) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #11) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 25th day of September, 2007.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-06-131-Porter.MOO.wpd